[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his petition of October 23, 2000, the petitioner requests a writ of habeas corpus. Respondent has moved to dismiss the petition claiming that the petition fails to state a claim for which relief may be granted. Petitioner has objected to the motion to dismiss.
The petition alleges that petitioner has been sentenced to serve three separate sentences all imposed on different dates for separate crimes. All sentences were to be served consecutively. The question as to how the CT Page 6534 sentences were to be calculated was resolved by a previous action. Glennv. Warden, No. CV93-0001695 S, Judicial District of Tolland, September 1, 1994 (Sferrazza, J.).
Petitioner's sentences were affected by actions of the Board of Parole. It is claimed by the petitioner that on January 27, 2000, the Board of parole violated the conditions of his parole illegally and that he is now being held illegally by the respondent.
Connecticut Practice Book § 23-29 states the judicial authority may, at any time, upon its own motion or upon motions of the respondent, dismiss the petition if it determines that: "(1) the court lacks jurisdiction; (2) the petition fails to state a claim upon which habeas corpus relief can be granted. In Vincenzo v. Warden, 26 Conn. App. 132
(1991), the Appellate Court addressed" the outer limits of jurisdiction relative to the ephemeral and complex boundaries of the Great Writ." Id., 133. In Vincenzo, the Appellate Court held that the statute which authorizes parole in the state "creates no protected constitutional or statutory liberty interest in parole release that gives rise to a claim of illegal confinement in a habeas action." Id., 142.
In light of the decision in Vincenzo, it must be concluded that the petition fails to state a claim for which habeas relief can be granted and the court lacks jurisdiction to grant the relief requested.
Accordingly, the motion to dismiss is granted.
 _____________________ JOSEPH J. PURTILL, JUDGE TRIAL REFEREE